UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

MORRIS OKUN, INC.,

                  Plaintiff,

      - against -

PETER "Red: ROSITO, individually and
d/b/a PETER ROSITO FRUITS & VEG, a/o
18TH AVE FRUIT MKT.,

                  Defendant.

---------------------------------------------------------x

08 CV

**FRCP RULE 7.1 CERTIFICATION**

[Stamp: JUDGE SULLIVAN]
[Stamp: '08 CIV 7092]
[Stamp: AUG 08 2008]

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable Judges and Magistrate Judges of the court to evaluate possible disqualification or recusal, the undersigned counsel of record for plaintiff "R" Best Produce Inc. certifies that the following are corporate parents, subsidiaries, or affiliates of that party which are publicly held:

NONE

DATED:       August 5, 2008

Respectfully submitted,

by: _____
      Andrew Squire, (AS6696)
      Attorney for Plaintiff
      379 Decatur Street
      Brooklyn, NY 11233
      718 771 2221

*76\okun.summons\wpd*

Andrew Squire (AS 6696)
Attorney for Plaintiff
379 Decatur Street
Brooklyn, NY 11233
718 771 2221



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                                    08 CV
MORRIS OKUN, INC.,

                Plaintiff,

      - against -                      COMPLAINT

PETER "Red: ROSITO, individually and
d/b/a PETER ROSITO FRUITS & VEG, a/o
18TH AVE FRUIT MKT.,

                Defendant.

-------------------------------------------------------x

## COMPLAINT

Plaintiff, Morris Okun, Inc. ("Okun"), by its attorney Andrew Squire, Esq., as and for its complaint against defendant, pursuant to FRCP Rule 15(a), alleges as follows:

### Jurisdiction and Venue

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), 28 U.S.C. § 1331 and 28 U.S.C. §1332.

2. Venue is this District based on 28 U.S.C. § 1391 in the (a) plaintiff's claim arose in this District and (b) plaintiff transacts and conducts business is in this District.

### Nature of Action

3. This is an action brought by "Okun" to recover monies due and owing by Peter "Red" Rosito d/b/a Peter Rosito Fruits & Veg, a/o 18th Ave Fruit Mkt ("Rosito") pursuant to the Perishable Agricultural Commodities Act of 1930, as amended ("PACA"), and pursuant to agreements for the sale by Okun to Rosito of wholesale quantities of perishable agricultural commodities, including but not limited to produce, fruit and vegetables ("Produce"). Rosito has failed and refused to remit the unpaid

balance in the principal sum of $43,564.50 together with interest at the rate of 1.25% per month for which, after partial payment in the sum $6,989.00, $43,564.50 remains, to date, due and owing.

## The Parties

4. Plaintiff Okun, a corporation, duly organized and existing under the laws of the State of New York, which maintains its principal place of business at New York City Terminal Market, Units 205-220, Bronx, NY, 10474, is engaged in the business of selling Produce in interstate commence and is a licensed dealer under PACA.

5. Rosito is an individual having an address for the conduct and transaction of business at 504 Maguire Avenue, Staten Island, NY, 10309, is and was at all times pertinent herein a dealer and commission merchant and subject to and licensed under the trust provisions of the PACA as a dealer and commission merchant.

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

7. Between in or about November 1, 2004, and in or about March 15, 2005, at defendant' special instance and request, plaintiff periodically sold and delivered Produce to Rosito, in interstate commerce, which to date for the sum total of $50,553.50 for which, after partial payment in the sum $6,989.00, $43,564.50 remains due and owing.

8. Defendant received and accepted the said Produce from plaintiff without objection and resold the said Produce in defendant' ordinary course of business.

9. At the time of receipt and acceptance of said the Produce, plaintiff became a beneficiary in a statutory trust designated to assure payment to Produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds co-mingled with funds from other sources and all assets procured by such funds, in the possession or control of defendant since the creation of the trust.

10. Okun preserved its interest in the PACA trust for the Debt in the amount of $14,489.32 and remains a beneficiary until full payment of the Debt is made for the said Produce.

11. Defendant have not disputed the Debt in any way and have repeatedly promised to pay, but to date have not done so.

## Count 1
### (Failure to Pay From PACA Trust Funds)

12. Okun incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendant to make payment of the Debt to plaintiff of trust funds in the amount of $43,564.50 from the statutory trust is a violation of the PACA trust and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests on order enforcing payment from the trust by requiring immediate payment of $43,564.50 together with interest at the agreed rate of 1.25% per month in the agreed sum of $22,326.96 for a sum total of $65,891.46, by defendant to plaintiff.

## Count 2
### (Failure to Pay for Goods Sold and Delivered)

14. Okun incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendant failed and refused to pay Okun $43,564.50 plus interest in the agreed sum of $22,326.96 for a sum total of $65,891.46 owed to plaintiff for produce sold and delivered to defendant by plaintiff.

WHEREFORE, Okun requests judgment in the amount of $43,564.50 plus interest in the agreed sum of $22,326.96 for a sum total of $65,891.46 against defendant.

## Count 3
### (Account Stated)

16. Okun incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. Between in or about November 1, 2004, and in or about March 15, 2005, Okun sent periodic statements to defendant.

18. On or about March 15, 2005, Okun furnished defendant with a statement of account for the sum of $43,564.50 which had been received and accepted by defendant' without protest or objection.

19. By reason of the foregoing an account was stated between the parties for the sum of $43,564.50 which sum defendant failed and refused to pay to Okun despite repeated demands for payment.

WHEREFORE, Okun requests judgment in the amount of $43,564.50 plus interest at the agreed amount of 1.25% per month, until the earlier of the date of payment or issuance of a Judgment in this action against defendant.

### Count 4
### (Breach of Contract)

20. Okun incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. By reason of Rosito's breach of contract and/or contracts heretofore, Okun has been damaged in the sum of $43,564.50 plus interest at the agreed amount of 1.25% per month, until the earlier of the date of payment or issuance of a Judgment in this action against defendant.

WHEREFORE, Okun requests judgment in the amount of $43,564.50 plus interest at the agreed amount of 1.25% per month, until the earlier of the date of payment or issuance of a Judgment in this action against defendant.

### Count 5
### (Interest, Late Fees and Attorney's Fees)

22. Okun incorporates each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23. As a result of defendant' failure to make full payment of $43,564.50 Okun has lost the use of said funds.

24. In addition, pursuant to parties' agreement memorialized in Okun's Standard Sales Terms set forth on the face of each of the said written invoices heretofore provided by plaintiff to Rosito, defendant is liable to Okun for the sum $43,564.50 plus interest at the agreed amount of 1.25% per month, until the earlier of the date of payment or issuance of a Judgment in this action against defendant.

25. As a further result of defendant' failure to make full payment of $43,564.50, Okun has been required to pay attorney's fees, late fees and Court costs and disbursements in order to bring this action to require defendant to comply with its contractual and statutory duties.

WHEREFORE, Okun requests judgment against defendant for the principal unpaid and balance due for goods heretofore sold and delivered in the sum $43,564.60 together with pre-judgment interest, attorney's fees, costs and disbursements of this action.

DATED:   New York, NY
         August 5, 2008

by: _____
Andrew Squire, Esq. (AS6696)
Attorney for Plaintiff
379 Decatur Street
Brooklyn, NY 11233
718 771 2221

*76\okun.summons\wpd*

UNITED STATES DISTRICT COURT: SOUTHERN DISTRICT OF NEW YORK

MORRIS OKUN, INC.,

                                                          Plaintiff,

- against -

PETER "Red: ROSITO, individually and d/b/a PETER ROSITO FRUITS & VEG, a/o 18TH AVE FRUIT MKT.,

                                                          Defendant.

# 7.1 CERTIFICATION
# SUMMONS
# COMPLAINT
# and EXHIBITS

*Andrew Squire, Esq.*
*Attorney for Plaintiff*
*379 Decatur Street*
*Brooklyn NY 11233*
*(718) 771 2221*