UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____          │
│ DATE FILED: 8/18/09              │
└─────────────────────────────────┘
```

MORRIS OKUN, INC.,

                            Plaintiff,

        -v-

PETER "RED" ROSITO, individually and d/b/a
PETER ROSITO FRUITS & VEG, a/o 18TH AVE.
FRUIT MKT.,

                            Defendants.

No. 08 Civ. 7092 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

        On August 8, 2008, Plaintiff commenced the above-entitled action by filing a summons

and complaint.  Plaintiff served a copy of the summons and complaint on Defendants on August

18, 2008, and again on September 12, 2008.  Defendants' answer was due October 2, 2008.  At

that time, Defendants had neither answered nor appeared, and, as a consequence, the Clerk of the

Court noted Defendants' default on November 10, 2008.  On November 26, 2008, the Court

issued an order directing Defendants to show cause why a default judgment should not be

entered against them, and directing them to appear for a conference before the Court on

December 15, 2008.  Defendants did not appear for the conference, and, as of this time,

Defendants have neither answered nor otherwise submitted a response to the complaint.

## I. Entry of Default

        "Entry of a default judgment is appropriate when the 'adversary process has been halted

because of an essentially unresponsive party.'"  *Cadlerock Joint Venture, L.P. v. Prado*, No. 07

Civ. 1207 (JS) (WDW), 2008 WL 4561611, at *2 (E.D.N.Y. Oct. 7, 2008) (quoting *Dae Woo

Kim v. City of New York*, No. 90 Civ. 1487 (KMW), 1990 WL 83465, at *2 (S.D.N.Y. June 13,

1990)); *see also Ontel Prods. Corp. v. Amico Int'l. Corp.*, No. 07 Civ. 7356 (JGK) (FM), 2008

WL 4200164, at *1 (S.D.N.Y. Aug. 19, 2008).  By failing to respond or appear in the current

action, the Court finds that Defendants have defaulted, and that a default on the issue of liability

is appropriate pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II. Damages

Plaintiff has asked for damages in the amount of $40,254, late fees at the rate of 1.25%

monthly interest, attorney's fees in the amount of $2500, and costs of $380.

As a preliminary matter, the entry of a default in an action establishes liability, but does

not establish damages. *See Cappetta v. Lippman*, 913 F. Supp. 302, 304 (S.D.N.Y. 1996).

Accordingly, damages must be established by a plaintiff in an inquest following the entry of the

default judgment. *Id.*  A hearing, however, is not required "as long as [a plaintiff has] ensured

that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*

*Claims Agency, Inc v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *see also*

*Langenberg v. Sofair*, No. 03 Civ. 8339 (KMK) (FM), 2006 WL 3518197, at *1 (S.D.N.Y. Dec.

7, 2006) ("[A]lthough a plaintiff seeking to recover damages against a defaulting defendant must

prove its claim through the submission of evidence, the Court need not hold a hearing as long as

it has (i) determined the proper rule for calculating damages on the claim, and (ii) the plaintiff's

evidence establishes, with reasonable certainty, the basis for the damages specified in the default

judgment.") (internal citations omitted). Thus, the Court may rely on documentary evidence and

affidavits in evaluating the propriety of the sum claimed. *See Tamarin v. Adam Caterers, Inc.*,

13 F.3d 51, 54 (2d Cir. 1993).

In support of its application for damages, Plaintiff has submitted several certifications,

including the Certification of Lee Pakulski dated April 13, 2009. Appended to the Pachulski

Certification is a summary of the monies due and owing Plaintiff as well as supporting

-2-

documentation therefor.  The Court finds that this Certification, together with the other submissions in the record, provides a basis for the damages claimed, with the exception of the November 11, 2004 invoice, which appears to be for $500 rather than for $4,489 as claimed in the Pachulski Certification.  Accordingly, Plaintiff is awarded $36,265 in damages.

Plaintiff also requests interest, attorney's fees and costs. "Although there is no specific provision under PACA addressing the issue, courts in this Circuit have held that where the parties have entered into a contract or included relevant provisions in their invoices, they are entitled to recover interest, attorneys' fees and costs in addition to the principal amounts owed." *H.C. Schmieding Produce Co., Inc. v. Alfa Quality Produce, Inc.*, No. 08 Civ. 0367 (BMC), 2009 WL 2207917, at *1 (E.D.N.Y. Jul. 23, 2009).  The invoices Plaintiff has submitted include provisions allowing for monthly interest in the amount of 1.25% for late payments, as well as for attorney's fees and costs for any action to recover unpaid invoices.  (*See, e.g.*, Doc. No. 12.) Plaintiff may thus recover interest of 1.25 % on the $36,265 in unpaid invoices, as well as costs in the amount of $380, and attorney's fees.

With regard to the amount of attorney's fees, Plaintiff's original submissions originally requested "reasonable attorney's fees in the sum of $8,000.00," but provided no records in support of that request.  (*See* Doc. No. 7.)  In accordance with the Second Circuit's directive that parties seeking attorney's fees "must document the application with contemporaneous time records" specifying "the date, the hours expended, and the nature of the work done," *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), the Court directed counsel for Plaintiff to submit an affidavit in support of the requested amount. Plaintiff's counsel subsequently submitted a declaration and documentation in support of his request for fees in the amount of $2,287.50.  (*See* Doc. No. 10.)  Plaintiff now requests $2,500 in

attorney's fees. (*See* Doc. No. 15.)  Because Plaintiff has submitted no documentation in support of that increased request, Plaintiff is awarded $2,287.50 in attorney's fees.

### III.  Conclusion

For the foregoing reasons, Plaintiff is awarded $36,265 in damages, 1.25% monthly interest on that amount, attorney's fees in the amount of $2,287.50, and costs of $380.

Plaintiff shall serve a copy of this Order on Defendants forthwith and file proof of service with the Court.


SO ORDERED.

Dated:        August 17, 2009
              New York, New York

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE